UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA MOORE, as Next of Friend
of Landis Sanders, a Minor Child,

 Plaintiff,

v.

CITY OF DETROIT, DETROIT POLICE
OFFICER WIDEMAN, DETROIT POLICE
OFFICER MASON, and various other Unknown
Detroit Police Officers,

 Defendant.
_____/

CASE NO. 07-11787
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOCKET NO. 15]

### I. INTRODUCTION

This matter is before the Court on Defendant City of Detroit's Motion for Partial Summary Judgment [**Docket No. 15**, **filed February 15, 2008**]. Plaintiff has filed a Response to the Motion [**Docket No. 20**, **filed on April 4, 2008**].

On December 3, 2004 Plaintiff filed a four-count Complaint against Defendants City of Detroit and Detroit Police Officers Wideman and Mason. The Complaint alleges false arrest, false imprisonment and violations of 42 U.S.C. §1983 and the Fourteenth Amendment.

### II. FACTS

On July 16, 2006 Plaintiff Landis Sanders, a 15 year old minor at the time, was taken from his home by Defendant Police Officers Wideman, Mason and Lieutenant Flanagan to help search for Sanders' cousin, who was suspected in a homicide. Plaintiff alleges that Defendants physically grabbed Sanders' arm and took him to a squad car against his will. (Landis Sanders

Dep. Trans., p. 7-8, 29-30). Defendants allegedly threatened to arrest Sanders, and forcefully removed him from his home into a marked police car, and then proceeded to drive around Sanders' and the surrounding neighborhoods in search of his cousin. (*See Id.*) Plaintiff claims the numerous people observed Sanders in the automobile with Defendants, and that he appeared as a "snitch" who was voluntarily assisting the officers in their search for his cousin. (*See Id.*)

Landis Sanders was ultimately returned to his home and never charged with an offense. Plaintiff claims that he was left terrified and that he was labeled a neighborhood "snitch" and is exposed to possible acts of retribution. (*See Id.)*

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In

2

such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV. APPLICABLE LAW & ANALYSIS

Defendant City of Detroit alleges that Plaintiff has not established that any constitutional violation occurred for which they are liable under 42 U.S.C. §1983. Count IV of Plaintiff's complaint is the basis for the §1983 claim, and alleges:

> 34. The Defendant City of Detroit through its Police Department failed to properly train, monitor, direct, discipline, and supervise its police officers, and knew or should have known that the officers would engage in the complained of behavior given the improper training, customs, procedures, and policies of the Detroit Police Department, and the lack of discipline imposed on its officers.

Pl. Compl. at ¶ 34. The City of Detroit may only be held liable for the violation of an individual's constitutionally protected rights only when the agency, acting through the execution of its policies or practices directly inflicts the injury. *Monell v. Department of Social Services*, 436 U.S. 685 (1978). Asserting the mere existence of a policy alone is insufficient to create liability, a Plaintiff must also demonstrate the policy or practice was promulgated by policy making authority, it was unconstitutional on its face or in its application, and that it was the

3

moving force behind Plaintiff's injuries. *Id.; Gonzales v. Ysleta Independent School District,* 996 F.2d 745 (5th Cir. 1993).

In this case, Plaintiff has not produced evidence that the City of Detroit has a written policy that violates the constitutional rights of its citizens, nor can Plaintiff show a widespread practice or custom of forcefully removing individuals from their homes to assist law enforcement. Plaintiff offers a 2002 Civil Rights Division of the U.S. Justice Department formal investigation into alleged unconstitutional policies and practices of the Detroit Police Department, and, specifically notes the City of Detroit's policy and practice of unlawfully detaining witnesses to show evidence of a widespread practice or custom. (Docket No. 20, Exh. B, Technical Assistance Letter from U.S. Department of Justice to Detroit City Law Department, June 5, 2002). The Justice Department's investigation into the alleged unconstitutional witness detention policy of the Detroit Police Department led to the entry of a Consent Judgment agreed to by the City of Detroit in federal court in 2003. (Docket No. 20, Exh. C, Case No. 03-cv-72258, ED MI 2003). The relevant portion of the Consent Judgment dealing with "Use of Force and Arrest and Witness Detentions" states:

> The DPD shall revise its witness identification and questioning policies to comply with the revised arrest and investigatory stop policies. The DPD shall prohibit the seizure of an individual without reasonable suspicion, probable cause or consent of the individual and require that the scope and duration of any seizure be narrowly tailored to the reasons supporting the police action. The DPD shall prohibit the conveyance of any individual to another location without reasonable suspicion, probable cause or consent of the individual.

*(Id.* at ¶ 46). Plaintiff also cites, as support, the deposition of Joann Kinney, a retired City of Detroit homicide Sergeant, who claimed that the City of Detroit had a policy and practice of detaining witnesses. (Docket No. 20, Exh. D, Dep. of Joann Kinney, pp. 40-50).

4

The 2003 Consent Judgment supports Defendant City of Detroit's Motion for Partial Summary Judgment. The Consent Judgment is 5 years old, and establishes that the City of Detroit effected measures to prevent such behavior that is alleged in this case to have occurred, from transpiring. Defendant's reliance on Joann Kinney's deposition is similarly misplaced, as it has already been established that the City of Detroit may have at one time had the unconstitutional practice and custom of detaining witnesses. However, corrective measures have been enacted to correct the problem since 2003, and Plaintiff must present some evidence to show that the practice or custom persisted in 2006. Plaintiff relies only on his own bare assertions when he claims that "the Defendant City's policy and custom of unlawfully detaining witnesses persisted until at least July 16, 2006," as evidenced by the officers' treatment of Sanders. Plaintiff does not support the allegations of a current widespread custom or practice to withstand this motion for partial summary judgment.

Plaintiff asserts that the City of Detroit may be liable under §1983 for inadequate police training, as the failure to train amounts to a deliberate indifference to the rights of persons with whom the police have come into contact. Liability attaches under §1983 only where a municipality's failure to train its employees evidences a deliberate indifference to the rights of its inhabitants. *Spell v. McDaniel,* 824 F.2d 1380 (4th Cir. 1987). Here, Plaintiff has not provided sufficient factual support to establish a policy, custom, or practice that the City of Detroit's police training program is inadequate, and likely to cause constitutional violations.

Finally, the Supreme Court has held that municipalities are not liable under a theory of respondeat superior. *Oklahoma v. Tuttle*, 471 U.S. 808 (1985); *Monell v. Department of Social Services*, supra ("a municipality cannot be held liable solely because it employs a tortfeasor - or,

5

in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory"). Assuming the individual "John Doe" defendants were employees of the City of Detroit when the incident in question occurred, Plaintiff may not simply vicariously ascribe their torts to the City of Detroit.

## V.     CONCLUSION

Accordingly,

IT IS ORDERED that Defendant City of Detroit's Motion for Partial Summary Judgment [**Docket No. 15**, **filed February 15, 2008**] is GRANTED.

IT IS FURTHER ORDERED that Defendant City of Detroit is DISMISSED from this action.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager